UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALBERT CONEY,

    Petitioner,

v.

    CASE NO. 2:12-CV-11016
    HONORABLE DENISE PAGE HOOD
    UNITED STATES DISTRICT JUDGE

PAUL D. KLEE,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

John Albert Coney, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus 28 U.S.C.§ 2254, in which he challenges his conviction for obstruction of justice, M.C.L.A. 750.505; and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that it is barred by the statute of limitations contained in 28 U.S.C. § 2244(d) and alternatively, that petitioner's claim lacks merit. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was originally charged by the Jackson County Prosecutor with possession with intent to deliver more than 50 but less than 450 grams of cocaine, felon in possession of a firearm, and being a fourth felony habitual offender by the Jackson

County Prosecutor in Jackson County Circuit Court Case # 07-04301-FH.[1] While incarcerated in the Jackson County Jail on these charges, petitioner purportedly approached a fellow inmate at the Jackson County Jail named Darren Gibson and asked him if he knew someone who could kill his ex-girlfriend Danielle Church. Petitioner was purportedly angry at Church because he accused her of being responsible for his arrest for the drug and firearms charges. After police investigated the allegations with the assistance of Mr. Gibson, petitioner was charged by the Jackson County Prosecutor in Jackson County Circuit Court Case No. 07-4810-FC with solicitation to commit murder, conspiracy to commit murder, and being a fourth felony habitual offender.

Petitioner and his attorneys ultimately negotiated a plea and sentencing bargain with the Jackson County Prosecutor with respect to both of his cases. Petitioner agreed to plead guilty as charged to possession with intent to deliver more than 50 but less than 450 grams of cocaine, felon in possession of a firearm, and being a fourth felony habitual offender in Case # 07-04301-FH. In Case # 07-4810-FC, petitioner agreed to plead guilty to a reduced charge of obstruction of justice and to being a fourth felony habitual offender. In exchange for his plea, the Jackson County Prosecutor agreed to dismiss the solicitation to commit murder and conspiracy to commit murder charges against petitioner. The parties also agreed that petitioner would receive a ninety month minimum sentence on all of the charges and that all sentences would run concurrently with one another. (Tr. 1/20/2009, pp. 3-6). Petitioner indicated on the record that he

---

[1] Petitioner is challenging these two convictions in a separate habeas application that remains pending before Judge George Caram Steeh. *See Coney v. Klee,* U.S.D.C. No. 12-10661 (E.D. Mich.).

was pleading guilty freely and voluntarily. (*Id.,* pp. 10-11).  With respect to making out a factual basis for the obstruction of justice charge, petitioner indicated that he and Darren Gibson had discussed planting drugs on Church in order to make the drug and firearms case go away. (*Id.,* pp. 15-16).

Petitioner was sentenced to ninety months to twenty years in prison on the obstruction of justice and fourth felony habitual offender charges.

Petitioner did not file a direct appeal from this case. Petitioner did file a motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which was denied. *People v. Coney,* No. 07-004810-FC (Jackson County Circuit Court, March 24, 2011).  Petitioner then filed a second a motion for relief from judgment, which was also denied. *People v. Coney,* No. 07-004810-FC (Jackson County Circuit Court, April 15, 2011).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Coney,* No. 303991 (Mich.Ct.App. June 30, 2011); *lv. den.* 490 Mich. 969; 806 N.W. 2d 505 (2011).

While petitioner's motion for relief from judgment was pending in the Jackson County Circuit Court, petitioner filed a state petition for writ of habeas corpus, in which he again challenged his conviction.  The trial court denied the petition. *People v. Coney,* No. 11-568-AH (Jackson County Circuit Court, March 8, 2011).  Petitioner then filed a complaint for writ of habeas corpus with the Michigan Court of Appeals, which was denied. *People v. Coney,* No. 305773 (Mich.Ct.App. January 10, 2012).

Petitioner now seeks a writ of habeas corpus on the following ground:

Petitioner's conviction was created, incited, and induced by law
enforcement agents knowing use of perjured testimony and fraud upon the
court depriving petitioner of his constitutional right to due process and
equal protection under the 6th and 14th Amendments to the US
Constitution, as well as his rights under the Michigan Constitution.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a

5

substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III. Discussion

**A. The statute of limitations issue.**

Respondent has moved to dismiss the petition for writ of habeas corpus because it was not filed in compliance with the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations found in 28 U.S.C. § 2244(d)(1). Respondent contends that because petitioner did not file a direct appeal from his conviction, his judgment of conviction became finalized on February 26, 2010, one year after his sentencing, when the one year time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). Petitioner filed a motion for relief from judgment on January 7, 2011, after three hundred and sixteen days had elapsed under the statute of limitations. Post-conviction proceedings were concluded in the state courts on December 28, 2011, when the Michigan Supreme Court denied petitioner's post-conviction appeal. Petitioner then had forty nine days remaining to file his petition

6

for writ of habeas corpus with this Court. Respondent contends that the petition is untimely because petitioner did not file his petition with this Court until sixty nine days later on March 6, 2012. Although acknowledging that petitioner filed a state habeas petition in addition to his motion for relief from judgment, respondent contends that this state habeas petition is not a properly filed post-conviction motion within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the limitations period.

In an affidavit of facts that petitioner filed with his motion for relief from judgment, petitioner appears to argue that he did not know about the factual basis of his claim until after his conviction had become final. [2] Petitioner claims that on September 10, 2009, the wife of the attorney who represented him in his drug case mailed him a CD of a telephone conversation between attorney Rob Jenke, who represented him in the solicitation and conspiracy to commit murder case, and Darren Gibson. The CD was not transcribed until September of 2010. Petitioner appears to argue that it was only at this time that he learned that Gibson had told his attorney Rob Jenke that he had been pressured by the police into falsely accusing petitioner of seeking to have his ex-girlfriend murdered.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). If petitioner could establish that he did not learn of the factual predicate of his claim until the CD of the

---

[2] *See* Affidavit/Statement of Facts, dated March 9, 2011, attached to respondent's motion to dismiss.

7

telephone conversation between Jenke and Gibson had been transcribed in September of 2010, this would delay the commencement of the limitations period until that time.

Further complicating the statute of limitations issue is whether the petition for writ of habeas corpus that petitioner filed first with the state trial court and subsequently with the Michigan Court of Appeals would qualify as a properly filed application for post-conviction relief that would toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2). The Sixth Circuit has yet to address this issue nor are there any published cases from this district or the Western District of Michigan on this issue. Judges in this district in unpublished opinions have reached opposing conclusions as to whether a state petition for writ of habeas corpus is a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C.§ 2244(d)(2). *Compare Jenkins v. Tribley,* No. 11-14204; 2012 WL 995394, * 3-4 (E.D. Mich. March 22, 2012)(state habeas petition can toll the limitations period pursuant to § 2244(d)(2)); *Powell v. McKee*, No. 10–12866, 2011 WL 1344581, * 4 (E.D.Mich. April 8, 2011)(state habeas petition does not toll the period of limitations under 28 U.S.C. § 2244(d)(2)); *Northrop v. Wolfenbarger*, No. 06–CV–13081, 2008 WL 564941, *2 (E.D. Mich. February 28, 2008) (same); *Javens v. Caruso*, No. 07–CV–10175, 2007 WL 2516827, *2 (E.D.Mich. August 31, 2007)(same).

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). Because the statute of limitations does not constitute

8

a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)).  Simply put, this Court need not resolve the dispute over the timeliness of petitioner habeas application.  Assuming without deciding that the current petition was timely, petitioner's habeas application fails on the merits. *See Ahart v. Bradshaw,* 122 Fed. Appx. 188, 192 (6th Cir. 2005).

### B.  The guilty plea claim.

Petitioner contends that his guilty plea should be set aside because the original solicitation to commit murder and conspiracy to commit murder charges were based on the perjured testimony of Darren Gibson.  Petitioner argues that his plea was involuntary because he was unaware at the time of his plea of the conversation between his attorney and Mr. Gibson, in which the latter claimed that he had been induced by the police to falsely accuse petitioner of soliciting Ms. Church's murder.

The trial court rejected petitioner's claim on post-conviction review, on the ground that the conversation between Gibson and petitioner's attorney took place two weeks prior to petitioner pleading guilty to the obstruction of justice charge, which indicated that petitioner had access to the relevant facts before he entered his plea, thus allowing him to make an informed and voluntary decision to plead guilty.  The judge further observed that petitioner's intended defense to the solicitation to commit murder charge was that he did not intend to kill the witness, but merely intended to plant drugs on her to destroy her credibility.  Because petitioner admitted that he

intended to obstruct justice, the charge that he pleaded guilty to was appropriate. *People v. Coney,* No, 07-004810-FC, * 1-2 (Jackson County Circuit Court, March 24, 2011).

Initially, the Court observes that petitioner has no federal constitutional right or absolute right under state law to withdraw his guilty plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007)(internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *See also Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 585 (E.D. Mich. 2001). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* "While 'the governing standard as to

10

whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute." *Holtgrieve,* 174 F. Supp. 2d at 586 (quoting *Sargent v. Waters*, 71 F.3d 158, 160 (4th Cir. 1995)(quoting *Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1983)).

A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *Hoffman,* 159 F. Supp. 2d at 655-56. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

Petitioner argues that his plea was involuntary because he did not know at the time that he pleaded guilty that Darren Gibson had spoken with his attorney and had purportedly recanted his earlier story to the police and his testimony from petitioner's

preliminary examination, in which he claimed that petitioner had approached him about having Church murdered. Petitioner argues that the prosecutor knew that Gibson had committed perjury at the preliminary examination and therefore had a duty to disclose this information to petitioner prior to him entering his plea.

As an initial matter, the Court agrees with petitioner that there has been no showing, as the state trial court found, that he was aware of the conversation between his attorney and Gibson prior to entering his plea of guilty. The mere fact that the trial court's reason for denying petitioner relief on his claim was wrong, however, would not entitle him to habeas relief. The AEDPA requires a federal habeas court to "evaluate the state court's ultimate conclusion, not its announced rationale." *Rashad v. Walsh,* 300 F. 3d 27, 44 (1st Cir. 2002). Indeed, it is not the function of a federal habeas court "to grade a state court opinion as if it were a law school examination." *Id.,* at 45. Furthermore, in determining whether to grant relief to a habeas petitioner, this Court "must determine what arguments or theories...could have supported, the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Harrington,* 131 S. Ct. at 786. This Court must therefore determine whether any theory would support the Michigan courts' rejection of petitioner's claim.

Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *See also Giglio v. United States*, 405 U.S.

150, 154 (1972)(exculpatory evidence includes "evidence affecting" witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence").  There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999).       In *Brady*, the Supreme Court explained that "[a] prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him ... helps *shape a trial* that bears heavily on the defendant." *Brady*, 373 U.S. at 87–88 (emphasis added).  Similarly, in *United States v. Agurs*, 427 U.S. 97, 103-04 (1976), the Supreme Court indicated that the rule that prohibits the use of perjured testimony, upon which the *Brady* rule was founded, is based on the idea that the use of perjured testimony represents "a corruption of the truth-seeking function of the *trial process*." (emphasis added).  Finally, in *United States v. Bagley*, 473 U.S. 667, 678 (1985), the Supreme Court ruled that "suppression of evidence amounts to a constitutional violation only if it deprives the defendant of a *fair trial*." (emphasis added).


In *United States v. Ruiz*, 536 U.S. 622 (2002), the Supreme Court held that a guilty plea is not rendered involuntary by the prosecutor's failure to disclose exculpatory impeachment information prior to the entry of the plea. *See id.* at 628–33. The Supreme Court noted that "impeachment information is special in relation to the *fairness of a trial*, not in respect of whether a plea is *voluntary*." *Ruiz*, 536 U.S. at 629 (emphasis original).  The Supreme Court further observed that "it is particularly difficult

13

to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty." *Id.* at 630. To the extent that Gibson's recantation is viewed as impeachment evidence, petitioner would not be entitled to habeas relief because as mentioned above, the prosecution is not required to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant. *Ruiz*, 536 U.S. at 633; *Post v. Bradshaw,* 621 F. 3d 406, 426 (6th Cir. 2010).

Even if Gibson's recantation could be characterized as substantive exculpatory evidence, petitioner would not be entitled to habeas relief. Although the Supreme Court did not consider in *Ruiz* whether their holding also applied to the nondisclosure of exculpatory substantive evidence prior to the entry of a guilty plea, [3] the Supreme Court in *Ruiz* emphasized the *Brady* rule's connection to the truth-finding function of a trial as the rationale behind their decision, which suggested that the holding in *Ruiz* extends to exculpatory substantive evidence as well. Significantly, at some points in their opinion the Supreme Court did not differentiate between the two types of exculpatory evidence, noting that "due process considerations, the very same considerations that led this Court to find trial related rights to exculpatory and impeachment information in *Brady* and *Giglio*, argue against the existence of the 'right'" to pre-plea disclosure. *Ruiz*, 536 U.S. at 631. At least one federal circuit court has suggested that *Ruiz* applies to substantive exculpatory information as well as to impeachment information. *See Friedman v. Rehal,* 618 F.3d 142, 154 and n. 5 (2nd Cir.

---

[3] Justice Thomas, concurring in the judgment, saw no reason to distinguish between "affirmative defense information" and exculpatory impeachment evidence. *See Ruiz*, 536 U.S. at 633-34 (Thomas, J., concurring in the judgment).

14

2010).

In light of the reasoning of *Ruiz*, the Supreme Court's repeated description of *Brady* as grounded in the right to a fair trial, as well as the fact that the Supreme Court has yet to require that exculpatory information be disclosed prior to the entry of a guilty plea, petitioner would not be entitled to habeas relief on his claim, even if Gibson's recantation was viewed as substantive exculpatory evidence. *See Orman v. Cain,* 228 F. 3d 616, 620-21 (5th Cir. 2000); *See also Jones v. Bryant*, 27 Fed. Appx. 699, 701 (7th Cir.2001). This is particularly so in light of the fact that petitioner pleaded guilty to the obstruction of justice charge in open court. *Jones,* 27 Fed. Appx. at 701.

Because petitioner has failed to state a claim upon which habeas relief can be granted, the Court will grant respondent's motion to dismiss. *See e.g. Corbett v. Bordenkircher,* 615 F. 2d 722, 727 (6th Cir. 1980).

### IV. Conclusion

For the reasons discussed, state court adjudication of the petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor did the state court adjudication result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court concludes that the petitioner is not entitled to federal habeas relief on the claim contained in his petition.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To

demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claim,

16

the issue is not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

17